UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-v-

DWAYNE ANTHONY CONLEY,

                Defendant.

19 Cr. 131 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

     Defendant Dwayne Anthony Conley is presently held at the Metropolitan Correctional Center ("MCC"), awaiting trial on charges of conspiracy to commit sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1594(c); sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a); and witness tampering, in violation of 18 U.S.C. § 1512(b). By letter, Conley now moves for release on conditions of bail, noting that the MCC has identified him as an inmate who, on account of a number of multiple medical conditions, is at heightened risk from COVID-19. Dkt. 363. The Government opposes this application. Dkt. 364. Conley has submitted a reply. Dkt. 365.

     The Court has the legal authority to grant this relief, under 18 U.S.C. § 3142(i), which permits the temporary pretrial release of a defendant otherwise requiring detention into the custody of a U.S. marshal or other designated person. This Court and others have done so in appropriate cases. *See, e.g.*, *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application of 65-year-old defendant with COPD, pursuant to 18 U.S.C. § 3142(i), in light of "unique confluence of serious health issues and other

risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19"). [1]

The Court, however, declines to exercise its discretion to do so in Conley's case. Substantially for the reasons recited in the Government's letter, the Court regards Conley as presenting far too great a danger to the community to justify his release. That is so based on (1) the gravity of the sex-trafficking offenses (substantive and conspiratorial) with which Conley stands charged, which subject him to a potential 15-year mandatory minimum sentence, and the Government's proffer of the alarming conduct underlying those charges; (2) Conley's criminal history, which includes nine arrests and five convictions (three for felonies) dating back to 1987; and (3) as alleged in the superseding indictment, Conley's alleged commission—from the MCC—of an act of felony witness tampering in this case. Simply put, the danger to the

---

[1] A separate source of authority for the pretrial release of a defendant is 18 U.S.C. § 3145(c), which creates a narrow exception to mandatory pretrial detention under 18 U.S.C. § 3143(a)(2). It provides, in relevant part, that: "A person subject to detention pursuant to [§] 3143(a)(2) . . . , and who meets the conditions of release set forth in [§] 3143(a)(1) . . . , may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are *exceptional reasons* why such person's detention would not be appropriate." 18 U.S.C. § 3145(c) (emphasis added). The conditions of release set forth in § 3143(a)(1) require a finding by the court "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(a)(1). And "exceptional reasons" permitting the release of a defendant subject to mandatory detention are those that "present a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). This Court and others have recognized that the heightened threat posed by COVID-19 to an inmate with a documented respiratory condition in a detention facility with multiple confirmed cases "present[s] a unique combination of circumstances," *DiSomma*, 951 F.2d at 497, justifying release under § 3145(c). *See, e.g.*, *United States v. McKenzie*, No. 18 Cr. 834 (PAE), Dkt. 443 at 4–6 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Witter*, No. 19 Cr. 568 (SHS), Dkt. 40 at 2–3 (S.D.N.Y. Mar. 26, 2020) (granting bond pending sentencing, pursuant to § 3145(c), to defendant who had pleaded to a narcotics offense). Release under § 3145(c) is not, however, available to Conley, because he cannot show—let alone by clear and convincing evidence—that he is not likely to flee or pose a danger to the safety of another person or the community.

community presented by Conley's release outweighs, substantially, the danger to himself presented by his incarceration at the MCC.

The Clerk of Court is respectfully directed to terminate the motion pending at docket 363.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: March 31, 2020
       New York, New York