UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA            :
                                    :   CONSENT PRELIMINARY ORDER
            - v. -                  :   OF FORFEITURE/
                                    :   MONEY JUDGMENT
DWAYNE ANTHONY CONLEY,              :
    a/k/a "Taquan Rashad,"          :   S9 19 Cr. 131 (PAE)
    a/k/a "Q,"                      :
    a/k/a "Pops,"                   :
                                    :
            Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about March 11, 2021, DWAYNE ANTHONY CONLEY, a/k/a "Taquan Rashad," a/k/a "Q," a/k/a "Pops," (the "Defendant") was charged in a two-count superseding information, S9 19 Cr. 131 (PAE) (the "Superseding Information"), with conspiring to violate the Travel Act, in violation of Title 18, United States Code, Section 371 (Count One); and coercion and enticement, in violation of Title 18, United States Code, Sections 2422(a) and 2 (Count Two);

WHEREAS, the Superseding Information included a forfeiture allegation as to Count One of the Superseding Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, of any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Superseding Information, including but not limited to a sum of money in United States currency representing the proceeds traceable to the commission of the offense charged in Count One of the Superseding Information that the Defendant personally obtained;

WHEREAS, the Superseding Information included a forfeiture allegation as to Count Two of the Superseding Information, seeking forfeiture to the United States, pursuant to

Title 18, United States Code, Section 2428, of any and all property, real and personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense charged in Count Two of the Superseding Information; and any and all property, real or personal, that was used or intended to be used to commit or facilitate the commission of the offense charged in Count Two of the Superseding Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count Two of the Superseding Information that the Defendant personally obtained;

WHEREAS, on or about March 11, 2021, the Defendant pleaded guilty to Counts One and Two of the Superseding Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One and Two of the Superseding Information and agreed to forfeit, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 2428, and Title 28, United States Code, Section 2461(c), a sum of money equal to $2,000 in United States currency, representing proceeds traceable to the commission of the offenses charged in Counts One and Two of the Superseding Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $2,000 in United States currency representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Superseding Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the Superseding Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney, Benjamin Woodside Schrier, of counsel, and the Defendant, and his counsel, Samuel Gregory, Esq., and Zachary Taylor, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Superseding Information, to which the Defendant pleaded guilty, a money judgment in the amount of $2,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Superseding Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, DWAYNE ANTHONY CONLEY, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007, and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The Clerk of the Court shall forward three certified copies of this Consent Preliminary Order of Forfeiture/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

9. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____         03/10/2021
BENJAMIN WOODSIDE SCHRIER               DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-1062

DWAYNE ANTHONY CONLEY

By: _____         3-11-2021
DWAYNE ANTHONY CONLEY                   DATE

By: _____         3-11-2021
SAMUEL GREGORY, ESQ.                    DATE
Attorney for Defendant
Law Offices of Samuel Gregory, P.C.
225 Broadway, Suite 1203
New York, NY 10007

By: _____         3/11/2021
ZACHARY TAYLOR, ESQ.                    DATE
Attorney for Defendant
Taylor & Cohen LLP
305 Broadway, 7th Floor
New York, NY 10007

SO ORDERED:

_____              3/11/2021
HONORABLE PAUL A. ENGELMAYER            DATE
UNITED STATES DISTRICT JUDGE